**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 16-4291

———————

ABOLASADE CHARLES AJIBOLA AFOLABI,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

———————

On Petition for Review of an Order
of the Board of Immigration Appeals
(Agency No. A095-467-881)
Immigration Judge: Eugene Pugliese

———————

Submitted under Third Circuit L.A.R. 34.1(a)
May 8, 2017

Before: AMBRO, RESTREPO, and NYGAARD, *Circuit Judges*.

(Opinion Filed: May 18, 2017)

———————

OPINION[*]

———————

———————

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

Abolasade Ajibola Afolabi petitions for review of the Board of Immigration Appeals ("BIA") decision denying his motion to reopen removal proceedings *sua sponte*. Because Afolabi does not argue that he meets one of the exceptions to the general rule against review of decisions denying *sua sponte* reopening, we will dismiss his petition for lack of appellate jurisdiction.

## I

Afolabi is a native and citizen of Nigeria who entered the United States on a student visa in 1998. After he overstayed his visa, the Department of Homeland Security and Immigrations and Customs Enforcement initiated removal proceedings in New Jersey Immigration Court in 2002. Afolabi conceded that he was removable, but he applied for adjustment of status and, in the alternative, voluntary departure. An Immigration Judge ("IJ") denied both applications in July 2004, and the BIA adopted the IJ's decision on appeal in November 2005.

Over a decade later, in April 2016, Afolabi filed a motion to reopen the removal proceedings so that he could apply for adjustment of status based on a new visa petition. The BIA denied the motion to reopen because it was untimely and Afolabi had failed to show that "an exceptional situation exists that would warrant the exercise of [the] [BIA's] discretion to reopen [the] proceedings sua sponte." App. 3.

## II

A motion to reopen removal proceedings must be filed within ninety days of entry of a final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R.

§ 1003.2(c)(2). Where, as here, a motion to reopen is untimely, the BIA may exercise its discretion to reopen proceedings *sua sponte*. 8 C.F.R. § 1003.2(a). The BIA will only exercise this discretion in "exceptional situations," and even the "presence of an exceptional situation does not compel it to act; the BIA may still decide against reopening." *Sang Goo Park v. Att'y Gen.*, 846 F.3d 645, 650 (3d Cir. 2017).

Given the BIA's "essentially unlimited" and "[n]ear [a]bsolute" discretion in this context, this Court generally lacks appellate jurisdiction to review the BIA's decision to deny *sua sponte* reopening. *Id.* at 650-51. As our Court recently clarified in *Sang Goo*, there are two exceptions to this general "rule against review": (1) where the BIA relied on an incorrect legal premise in denying the motion to reopen; or (2) where the BIA "[h]as [c]onstrained [i]ts [d]iscretion through [r]ule or [s]ettled [c]ourse of [a]djudication." *Id.* at 651. Afolabi does not argue that either exception applies to his case.[1]

### III

Accordingly, Afolabi's petition for review will be dismissed for lack of appellate jurisdiction.

---

[1] In fact, Afolabi has not filed a reply brief or otherwise challenged the Attorney General's argument that this Court lacks appellate jurisdiction over his petition.